UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RONALD C. JOHNSON,<br><br>       Petitioner,<br><br>v.<br><br>WILLIS CHAPMAN,<br><br>       Respondent. | Case No. 23-11366<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR DISCOVERY, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Ronald C. Johnson, incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, M.C.L. 750.317, and a motion for discovery. ECF Nos. 1, 2. Respondent filed a motion to dismiss the petition on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas corpus is summarily dismissed with

prejudice pursuant to 28 U.S.C. § 2244(d)(1), and the motion for discovery is denied as moot.

## I. Background

Following a bench trial on January 22, 2013, petitioner was convicted of second-degree murder and sentenced to 27-50 years in prison. ECF No. 12-3, PageID.385; ECF No. 12-6. On direct appeal and again on reconsideration, the Michigan Court of Appeals affirmed petitioner's conviction and sentence. *See People v. Johnson*, No. 315247, 2014 WL 4628779 (Mich. Ct. App. Sept. 16, 2014); *People v. Johnson*, No. 315247, 2014 WL 5690417 (Mich. Ct. App. Nov. 4, 2014) (per curiam). Petitioner applied for leave to appeal in the Michigan Supreme Court, and that court affirmed his conviction but remanded the case for resentencing. *People v. Johnson*, 886 N.W.2d 620 (Mich. 2016) (table).

Before the trial court conducted resentencing proceedings, petitioner filed a petition for a writ of habeas corpus on October 30, 2017 in this District; the petition was held in abeyance, and the case was administratively closed so that petitioner could exhaust his additional claims

in state court. *Johnson v. Haas*, No. 17-13538, 2019 WL 1112247 (E.D. Mich. Mar. 8, 2019).

On August 30, 2018, the trial court resentenced petitioner to 20 to 40 years in prison. ECF No. 12-7. The Michigan appeals court affirmed the reduced sentence, and the Michigan Supreme Court denied leave to appeal. *People v. Johnson*, No. 345934, 2020 WL 504967 (Mich. Ct. App. Jan. 30, 2020); *People v. Johnson*, 947 N.W.2d 821 (Mich. 2020).

On May 10, 2019, petitioner filed with the trial court a post-conviction motion for relief from judgment. The trial court denied the motion, *People v. Johnson,* No. 12-009230-01-FC (Mich. Cir. Ct. Aug. 20, 2019), and denied a motion for reconsideration on November 3, 2020, *People v. Johnson,* No. 12-009230-01-FC (Mich. Cir. Ct. Nov. 3, 2020).

On July 6, 2021, the Michigan Court of Appeals denied petitioner leave to appeal the post-conviction motion denial. *People v. Johnson,* No. 356657 (Mich. Ct. App. July 6, 2021). Petitioner then applied to the Michigan Supreme Court for leave to appeal the Michigan appellate court's denial, but that court rejected petitioner's application for being untimely. *See* ECF No. 12-14, PageID.1379, 1416.

In December 2021, petitioner moved to reopen his old federal habeas case in this District. The case reopened, but on April 4, 2023 the petition was dismissed for lack of jurisdiction—the petition was not ripe because at the time of the petition's filing, petitioner's original sentence had been vacated and resentencing had not taken place. *Johnson v. Haas*, No. 17-13538, 2023 WL 2776049 *2 (E.D. Mich. Apr. 4, 2023). Although petitioner had since been resentenced, the federal court was without jurisdiction to hear petitioner's case because jurisdiction is determined at the time the action is initially filed. *Id.* Accordingly, petitioner commenced this action with a now ripe habeas petition signed and dated May 26, 2023.[1]

## II. Discussion

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007); *Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at

---

[1] Under the prison mailbox rule, this Court assumes that petitioner actually filed his habeas petition on May 26, 2023, the date that it was signed and dated. ECF No. 1, PageID.73; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999).

*1-2 (6th Cir. Jan. 8, 2019) (denying petitioner's request for a certificate of appealability where the district court properly dismissed petition on statute-of-limitations grounds).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations upon habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009).

For purposes of determining when the one-year limitations period began running, the Court at the outset must determine when petitioner's conviction became "final." *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). Under § 2244(d)(1)(A), a state-court judgment becomes "final" upon the conclusion of direct review or expiration of the time to seek direct review, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

Here, although the trial court sentenced petitioner on February 13, 2013 and the Michigan Supreme Court affirmed his conviction, the Michigan Supreme Court also ordered resentencing. Where a state appellate court affirms a habeas petitioner's conviction but reverses his sentence, the judgment against the petitioner becomes final and triggers the one-year habeas filing period upon the completion of direct review of the petitioner's new sentence. *See Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012).

Page **6** of **15**

The Michigan Supreme Court denied petitioner's application for leave to appeal on September 8, 2020, after which petitioner did not seek further direct review with the U.S. Supreme Court. *See Johnson*, 947 N.W.2d at 821. Normally, where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

On March 19, 2020, the United States Supreme Court extended the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19],* 334 F.R.D. 801 (2020). That order was rescinded for orders denying extended review on or after July 19, 2021. *See Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021).

Because the Michigan Supreme Court denied petitioner's application for leave to appeal on September 8, 2020, which is between March 19, 2020 and July 19, 2021, petitioner had 150 days instead of the normal 90 days to seek a writ of certiorari with the U.S. Supreme Court following the Michigan Supreme Court's decision. The one-year statute of limitations thus began to run when this 150-day period expired, which would have been on February 5, 2021. *See Pierce v. Morrison*, No. 2:21-CV-13018, 2023 WL 4784193, at *2 (E.D. Mich. Feb. 9, 2023); *Jones v. Schiebner*, No. 1:22-CV-1061, 2023 WL 195403, at *2 (W.D. Mich. Jan. 17, 2023), *Harris v. Morrison*, No. 1:22-CV-820, 2023 WL 110382, at *3 (W.D. Mich. Jan. 5, 2023).

But even with a statute-of-limitations trigger date of February 5, 2021, petitioner's post-conviction motion for relief from judgment tolled the statute of limitations. Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the one-year period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). Further, under 28 U.S.C. § 2244(d)(2), the time during which a petitioner may appeal the denial of post-conviction relief will

not count towards the same period of limitations, even if the petitioner never files an appeal. *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016).

Here, petitioner's post-conviction motion for relief from judgment was pending in state court when the period for direct review ended on February 5, 2021. The Michigan Court of Appeals denied petitioner's post-conviction appeal on July 6, 2021, and petitioner had 56 days—until August 31, 2021—to properly file an appeal in the Michigan Supreme Court. *See* MCR 7.305(C)(2)(a). Petitioner did not timely appeal, so the statute of limitations began running on August 31, 2021, the last day on which petitioner could have filed an application for leave to appeal with the Michigan Supreme Court. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005).

In sum, based on the proper trigger date and time tolled due to this matter's varied procedural history, the statute of limitations began running on August 31, 2021. Petitioner had one year from that date—until August 31, 2022—to timely file the habeas petition before this Court. Because the petition was filed on May 26, 2023, it is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas

petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling because he failed to argue or show any entitlement to such tolling. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007).

The Court recognizes that petitioner previously filed a habeas petition in 2017, which was held in abeyance until it was dismissed without prejudice on April 4, 2023 for lack of jurisdiction. Petitioner's earlier habeas petition did not necessarily toll the statute of limitations because a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) such that it would toll the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Although a petition for federal habeas review does not necessarily toll the applicable statute of limitations, neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of AEDPA would prevent a federal court from tolling the habeas petition

limitations period as "a matter of equity." *Id.* at 183 (Stevens, J., concurring).

However, the Court finds no grounds for equitable tolling of the limitations period based on the time that his original habeas petition was pending between October 30, 2017 and April 4, 2023. Petitioner did not move to reopen his original federal habeas case until December 2021, waiting more than 30 days after August 31, 2021, the day petitioner could no longer pursue any form of state-court review. Petitioner did not file this petition until May 26, 2023, also waiting more than 30 days after the April 4, 2023 dismissal of his original petition. *Cf. Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (citing *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)) (holding equitable tolling may apply where original habeas petition was timely filed but dismissed without prejudice after limitations period expired to allow for exhaustion of state remedies and, after exhaustion, petitioner refiles petition within 30 days).

Even so, equitable tolling of the one-year limitations period may apply based upon a credible showing of actual innocence under the standard set forth in *Schlup v. Delo,* 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Under *Schlup*, an actual innocence claim

requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. A petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Here, petitioner presents no new, reliable evidence to establish that he is actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). The new evidence that he points to throughout his petition is the same evidence that he provided to support his claims on direct review. Further, petitioner's claims about the assistance of his counsel, the sufficiency of the evidence, and the prosecutor's conduct would not establish his actual innocence so as to toll the limitations period. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002). For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency," which is what petitioner's claims essentially contend. *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)

(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To the extent petitioner claims that he acted in self-defense, such a claim likewise amounts to a claim of legal innocence, as opposed to factual innocence, and would therefore not toll the limitations period. *See, e.g.*, *Harvey v. Jones,* 179 F. App'x 294, 298-99 (6th Cir. 2006) (collecting cases).

Accordingly, the petition remains time barred. Petitioner has filed a motion for discovery, but because his petition is time-barred, the motion is denied as moot. *See Hunt v. Stegall*, 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

### III. Conclusion

Based on the foregoing analysis, the Court concludes that petitioner failed to file his habeas petition within the one-year limitations period under 28 U.S.C. § 2244(d), precluding federal review of the petition. Accordingly, the Court summarily dismisses with prejudice the petition for a writ of habeas corpus.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that petitioner had filed his habeas petition outside of the

one-year limitations period. *See Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis* because such an appeal would be frivolous. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Accordingly, the Court **SUMMARILY DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus (ECF No. 1). The motion to dismiss (ECF No. 11) is **GRANTED**. The motion for discovery (ECF No. 2) is **DENIED AS MOOT.** The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated: February 29, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge